IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KENNETH W. ADAMS, ) | |
| ) | |
| ) | CIVIL ACTION NO. 0:04-22869-PMD-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

The Plaintiff applied for Disability Insurance Benefits (DIB) on September 17, 2002, alleging disability commencing January 1, 2000 due to heart problems, high blood pressure, diabetes, mellitus, upper extremity problems and knee problems. (R.pp. 17, 55). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on November 12, 2003. (R.pp. 23-42). The ALJ thereafter denied Plaintiff's claim in a decision issued March 2, 2004. (R.pp. 16-20). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 4-8).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that



there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Plaintiff, who was fifty-five (55) years old when



he alleges he became disabled, and sixty (60) years old at the time of the ALJ's decision, has a high school equivalent education (GED), and past relevant work as a textile inspector. (R.pp. 55-57, 64, 69). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from some severe impairments, he nevertheless retains the residual functional capacity to perform a limited range of light work,[1] and because his past relevant work as a textile inspector did not exceed this functional capacity, he was not entitled to DIB. (R.pp. 19-20).

Plaintiff asserts that in reaching this decision, the ALJ erred by improperly finding that he was able to perform his past relevant work, including the requirement of SSR 82-62 that he make "findings of fact as to the physical and mental demands of the past job/occupation", by failing to explain his findings regarding the Plaintiff's residual functional capacity as required by SSR 96-8p, by improperly evaluating the medical evidence and failing to adequately explain his RFC assessment, and by failing to correctly assess the Plaintiff's credibility. However, after careful review and consideration of the evidence and arguments presented, the undersigned finds that there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff was not

---

[1]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

3



disabled as that term is defined in the Social Security Act during the relevant time period, and that the decision of the Commissioner should therefore be affirmed.

First, with respect to Plaintiff's physical condition and capabilities, a review of the ALJ's decision shows that he carefully reviewed the relevant medical evidence, including Plaintiff's treating records from the Veterans Administration Hospital as well as the consultative examination results of Dr. Edmond Gaines and the opinions of the non-examining state agency medical consultants, specifically noting the consistently unremarkable and normal or near-normal findings set forth in these records. (R.pp. 17-18). The undersigned's own review of these records confirms the ALJ's analysis. Plaintiff's records from the VA Medical Center reflect that Plaintiff suffers from only mild degenerative joint disease, and that an examination of his right knee showed that its functions were within normal limits with only some tenderness. Cardiac examinations have also generally been unremarkable, while Plaintiff's hypertension was noted as being "stable on medication." See generally, (R.pp. 142-150, 166); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) [a condition is not disabling if it can be reasonably controlled by medicine or treatment]. In May 2001, Plaintiff reported that he was "doing fine" with no complaints, and that he did not have any chest pain. (R.pp. 136, 139). In June 2001, no cardiac symptoms were reported and it was noted that Plaintiff's blood pressure was controlled. (R.p. 135). See also (R.p. 130). An examination performed on July 31, 2001 found that Plaintiff had normal strength and range of motion and a normal heart rate and rhythm. (R.p. 130). During a physical examination in July 2002, Plaintiff reported that he felt fine, and on examination no heart rate or rhythm problems were noted. Plaintiff had normal bilateral motor strength, normal reflexes, with no evidence of muscular atrophy. (R.p. 105). Another examination performed in March 2003 revealed a normal gait and posture with normal



heart rate and rhythm. While x-rays revealed severe chronic interstitial lung disease, Plaintiff had a stable chest without acute process. (R.pp. 228-229, 234). In the spring of 2003 Plaintiff complained of numbness in his left hand, but an examination revealed that he had good circulation, good strength, normal pulse, and full range of motion in his left arm, shoulder and wrists. (R.pp. 209, 242). A nerve conduction study revealed median and ulnar nerve lesions, for which he was prescribed Naprosen. (R.p. 243). During a routine follow-up visit on August 29, 2003, Plaintiff denied having any chest pain and reported that he walked a mile every two to three days, and an examination performed a little over a week later showed that Plaintiff had normal bilateral upper extremity strength and normal reflexes. (R.pp. 235, 243).

In addition to the medical evidence from the VA, the record shows that Dr. Gaines performed a consultative examination on November 21, 2002. Although Plaintiff stated to Dr. Gaines that he was experiencing some shortness of breath with exertion, he reported that he could walk three blocks without a problem, was able to play golf, drive, help his wife cook and clean, and that his hypertension was under control. Upon examination, Dr. Gaines found that Plaintiff's lungs were clear, his heart had a regular rhythm, he had full range of motion in his upper extremities with good strength bilaterally, normal bilateral strength in his hands (with the exception of the second finger of the left hand), good bilateral strength in his lower extremities and normal reflexes, and full range of motion in his ankles. X-rays of Plaintiff's knees were unremarkable with no evidence of arthritis. (R.pp. 180-186). See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) [ALJ may properly give significant weight to assessment of an examining physician]; Richardson v. Perales, 402 U.S. 389, 408 (1971) [assessment of examining, non-treating physicians may constitute substantial evidence in support of a finding of non-disability].



Finally, the ALJ also had before him the reports of two state agency medical consultants. After review of Plaintiff's medical records, Dr. Seham El-Ibiary completed a residual functional capacity assessment on December 9, 2002 in which he determined that Plaintiff could occasionally lift fifty (50) pounds, frequently lift twenty-five (25) pounds, stand and/or walk about six hours in an eight hour work day, sit about six hours in an eight hour work day, and that he had an unlimited ability to push and/or pull with no postural limitations. (R.pp. 191-198). Dr. Frank Ferrell concurred with Dr. El-Ibiary's assessment after his review of Plaintiff's medical records on February 28, 2003. (R.p. 198). See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of non-examining physician can constitute substantial evidence to support the decision of the Commissioner].

After review of this medical record and consideration of Plaintiff's subjective testimony, the ALJ concluded that Plaintiff had the residual functional capacity to perform work related activities at the light exertional level, except for work requiring walking for more than two hours in a day, or standing for more than two hours a day in a normal eight hour work day. (R.p. 19). The medical records just cited provide substantial evidence to support the ALJ's findings and conclusions that Plaintiff had *at least* this functional capacity, if not more. Hunter, 993 F.2d at 35; Richardson, 402 U.S. at 408; Smith, 795 F.2d at 345; Lee v. Sullivan, 945 F.2d 687, 693-694 (4th Cir. 1991) [denial of benefits affirmed where physicians who examined claimant and heard all of his complaints failed to give an opinion that he was totally and permanently disabled]; Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir. 1989) ["The mere fact that working may cause pain or discomfort does not mandate a finding of disability"]; Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) [simply because working might cause discomfort does not mandate a finding of disability].



In finding that Plaintiff's subjective allegations as to the severity of his limitations were not supported by the evidence, the ALJ specifically noted Plaintiff's own testimony and other evidence that showed he could walk up to two miles at a time and engage in a variety of other physical activities. (R.pp. 18-19). The undersigned can find no reversible error in the ALJ's consideration of Plaintiff's subjective testimony in conjunction with the other evidence of record. Hunter, 993 F.2d at 35 [ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints]; Jolley v. Weinberger, 537 F.2d 1179, 1181 (4th Cir. 1976) [finding that objective medical evidence, as opposed to the claimant's subjective complaints, supported an inference that he was not disabled]; see Mickles v. Shalala, 29 F.3d 918, 925-926 (4th Cir. 1994) [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]. Further, with respect to Plaintiff's contention that the ALJ's RFC analysis is not consistent with the requirements of SSR96-8p, the record reflects that the ALJ gave a detailed discussion of the relevant medical and non-medical evidence, and discussed Plaintiff's ability to perform sustained work activity and the maximum amount of that activity. *Cf.* Roberts v. Masanari, 150 F.Supp.2d 1004, 1010 (W.D.Mo. 2001). The undersigned does not find that the ALJ failed to comply with the requirements of SSR 96-8p.

Finally, the undersigned does not find reversible error in the ALJ's conclusion that Plaintiff could perform his past relevant work with his limitations. Nor did the ALJ fail to comply with the requirements of SSR82-62, which requires the ALJ to find the claimant's RFC, the RFC of claimant's past relevant work, and that the claimant could return to that past relevant. The ALJ noted that Plaintiff had himself described his work as light work where he primarily sat on a stool all day.

7



This description did not require any walking or standing activity greater than Plaintiff's RFC as determined by the ALJ, and the ALJ specifically found that Plaintiff's past relevant work "did not require the performance of work-related activities precluded by his residual functional capacity". (R.pp. 19, 34, 78). Plaintiff complains that the ALJ failed to consider his stated reasons as to why he could no longer perform his past work, including that he would have to push the stool with his legs and that the "numbness" in his left hand would prevent him from the writing and handling of small objects required. (R.pp. 37, 63, 93). However, as previously noted, the ALJ did not find Plaintiff's testimony as to the extent of his limitations to be credible, nor did he conclude that Plaintiff's left arm and/or knee problems would prevent him from performing the activities required of his past job (as Plaintiff himself reported these requirements), as they were not included in the ALJ's RFC. (R.p. 19). The record contains substantial evidence to support the ALJ's conclusions. Plaintiff's medical records generally reflect that Plaintiff's knee function was within normal limits, that x-rays of his knees were unremarkable with no evidence of arthritis, that Plaintiff did not have any postural limitations, and that examinations of his left arm and hand revealed full range of motion with good strength and good pulse in his left hand. See generally, (R.pp. 105, 130, 142, 145, 150, 180, 182, 185-186, 192-193, 198, 209, 242-243). Again, the undersigned can find no reversible error in the ALJ's conclusion that the physical demands of Plaintiff's past work were within his residual functional capacity. Cf. Freeman v. Barnhart, No. 02-78, 2002 WL 31599017 at *5 (D.Me. Nov. 20, 2002), report and recommendation adopted by , Freeman v. Barnhart, 2002 WL 31855278 (D.Me. Dec. 19, 2002); Zownir v. Apfel, No. 99-216, 2000 WL 33667091 (D.N.H. Mar. 29, 2001); Shields v. Chater, No. 94-210, 1995 WL 819037 at *11 (W.D.N.Y. May 16, 1995); Rivera v. Barnhart, 239 F.Supp.2d 413, 420-421 (D.Del. 2002) ["Use of the DOT, and vocational expert testimony about the

8



DOT, is not required where the A.L.J. determines that the claimant could return to his or her past work as he or she actually performed it."].

## Conclusion

Substantial evidence is defined as " … evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 15, 2006

