IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| KENNETH ADAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE BARNHART, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. )<br>_____) | C.A. No.: 0:04-22869-PMD-BM<br><br>**ORDER** |

This is an action brought pursuant to Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Kenneth Adams' ("Adams") claim for Disability Insurance Benefits ("DIB"). The record includes a Report and Recommendation ("R&R") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), recommending that the Commissioner's final decision be affirmed. Plaintiff timely objected to the Magistrate Judge's recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's R&R within ten days after being served with a copy).

## **BACKGROUND**

### **I.    Procedural History**

Plaintiff Kenneth Adams ("Plaintiff" or "Adams") was born on April 19, 1943, and on September 17, 2002, at age 59, he applied for DIB, alleging disability beginning January 1, 2000, due to heart problems, high blood pressure, diabetes, mellitus, upper extremity problems, and knee problems. Plaintiff's application for DIB was denied initially on December 10, 2002, and upon

reconsideration on March 3, 2002. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 12, 2003. The ALJ denied Plaintiff's claim in a decision issued March 2, 2004. Thereafter, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner.

On November 1, 2004, Plaintiff filed this action in United States District Court, asserting that the ALJ's decision is not supported by substantial evidence. In his memorandum, however, the Commissioner contends that the decision to deny benefits is supported by substantial evidence. In the R&R, the Magistrate Judge agrees with the Commissioner, and accordingly, the Magistrate Judge recommends that the Commissioner's decision be affirmed.

## II.     Medical History

Adams completed the eighth grade, and he received his GED in 1974. At the end of 1999, he retired from Owens Corning after 30 years of service as a textile doffer and a textile inspector.[1]

Since at least July of 2000, Plaintiff received the majority of his medical treatment through a local Veterans Administration ("VA") Hospital. The VA records indicate that Plaintiff was seen with regard to treatment and monitoring of his hypertension, diabetes, hearing loss, osteoarthritis, and associated pain and symptoms. Records indicate that Plaintiff took various medications to monitor his conditions.

On November 21, 2002, Dr. Edmund P. Gaines, Jr. performed a consultative exam of Plaintiff. Dr. Gaines noted that Plaintiff had a heart attack in 1989, but that Plaintiff had not required nitroglycerin since his heart attack. Additionally, Dr. Gaines noted that Plaintiff kept his

---

[1] During the hearing, Plaintiff testified that he quit his job with Owens Corning because "[t]hey kept changing it" and he was no longer able to do the job. (Tr. at 39.)

hypertension "under good control" with medication. (Tr. at 180.) Dr. Gaines also noted that Plaintiff was on medication to control his diabetes. With regard to Plaintiff's complaints of bilateral knee pain, Dr. Gaines noted crepitus and stated that the arthritis in Plaintiff's knees may have worsened since he retired from Owens Corning. Dr. Gaines noted that Plaintiff's strength was good and equal bilaterally in the upper extremities, but that the second finger of Plaintiff's left hand had a flexion deformity. Ultimately, Dr. Gaines opined that "a job that required prolonged standing, walking, moving, or lifting certainly would not be suitable for the examinee, but any sedentary occupation which he wanted to pursue would seem to be reasonable." (Tr. at 183.)

In December of 2002 and February of 2003, state agency medical consultants reviewed Plaintiff's records and concluded that Plaintiff had the functional capacity to perform a full range of work related activities at the medium exertional level.

In March of 2003, Plaintiff reported shortness of breath while walking. Chest radiographs revealed a stable chest without acute process and severe interstitial lung disease. In April of 2003, Plaintiff reported a one-week history of numbness on the palm, ring finger, and little finger of his left hand. In May of 2003, Plaintiff again complained of left hand numbness and weakness. Studies revealed bilateral median and ulnar nerve lesions, and Plaintiff was prescribed medication, which reportedly helped.

## DISCUSSION

### I.    Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of

the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## II.     Standard of Review

The role of the federal judiciary in the administrative scheme as established by the Social Security Act is a limited one. Section 205(g) of the Act provides that, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## III.    Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

4

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c).  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I.  If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a).  If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, considering the claimant's medical condition, functional limitations, age, education, and work experience.  *Walls*, 296 F.3d at 290.

Applying this framework, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since January 1, 2000.  Second, the ALJ determined that Plaintiff's status post myocardial infarction, status post angioplasty, coronary artery disease, non-insulin dependent diabetes mellitus, hypertension, and osteoarthritis constituted severe impairments.  At step three, however, the ALJ found that these medically determinable impairments did not meet or equal a listed impairment.  Fourth, the ALJ found that Plaintiff's impairments did not prevent him from

returning to past work. The ALJ also found that Plaintiff's allegations regarding his limitations were not totally credible.

**IV.     Analysis**

In his initial brief, Plaintiff asserts that the ALJ erred by: (1) failing to perform a proper analysis of Plaintiff's ability to perform past relevant work pursuant to Social Security Ruling 82-62; (2) failing to explain his findings regarding Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p; and (3) failing to properly assess Plaintiff's credibility.

In the R&R, however, the Magistrate Judge found no reversible error in the ALJ's decision and recommended that it be affirmed. Specifically, the Magistrate Judge found that the ALJ had carefully reviewed the medical evidence, including the VA records, and the opinions of Dr. Gaines and the two state agency consultants who examined Plaintiff. However, although the Magistrate Judge concludes that substantial evidence supports the ALJ's decision to deny benefits, nowhere does the Magistrate Judge actually address Plaintiff's complaints that the ALJ failed to provide sufficient, specific explanations for his findings regarding Plaintiff's ability to perform past relevant work, Plaintiff's RFC, and Plaintiff's credibility, as required by various Social Security Regulations and Rulings. Accordingly, Plaintiff raises three main objections.

First, Plaintiff asserts that the Magistrate Judge, like the ALJ, failed to properly analyze Plaintiff's ability to return to past relevant work. Second, Plaintiff asserts that the Magistrate Judge did not properly address his argument that the ALJ failed to perform a proper analysis of Plaintiff's RFC. Lastly, Plaintiff asserts that neither the Magistrate Judge nor the ALJ evaluated Plaintiff's credibility under the proper criteria. The court agrees with Plaintiff on all three arguments.

     **1.     Plaintiff's Ability to Perform Past Relevant Work**

Social Security Ruling 82-62 outlines "a disability claimant's capacity to do past relevant work, in general." S.S.R. 82-62. This ruling provides:

> Determination of the claimant's ability to do PRW *requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements;* (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.
> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and *must be developed and explained fully in the disability decision.* Since this is an important and, in some instances, a controlling issue, *every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.* Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work).

S.S.R. 82-62 (emphasis added). Moreover, when the Commissioner determines that a claimant can meet the physical and mental demands of past relevant work, the rationale for that decision "must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion." S.S.R. 82-62.

In the present case, at step four of the sequential evaluation, the ALJ determined that Plaintiff was able to return to his past relevant work as a textile inspector. (Tr. at 19, Finding 7.) However, nowhere in his decision does the ALJ consider Plaintiff's statements as to which past work requirements he could no longer meet and his reasons for his inability to meet them.[2] Moreover, the

---

[2] For instance, Plaintiff stated at the hearing that he could no longer perform his past job, "[b]ecause you'd have to push that stool with your legs, and you'd have to go up and down the strobe light. And you'd have to change hands, and my left arm ain't no good no more." (Tr. at 37.)

7

ALJ never sets forth any specific findings with regard to the actual physical and mental demands of Plaintiff's past relevant work, to which the ALJ determined that Plaintiff could return. Rather, the only statement the ALJ makes with regard to Plaintiff's past relevant work is as follows: "At the hearing, he clarified his work at PRA by stating he primarily sat and ran a strobe light up and down the material to detect flaws." (Tr. at 19.) Thus, the ALJ implicitly determined that Plaintiff's past relevant work was of either a sedentary or light nature; however, in his decision, he neither addresses nor explains the weight given to Plaintiff's assertions that the job required constant reaching, frequent crouching, and constant pushing with the lower extremities to maneuver the rolling stool.

Moreover, not only did the ALJ fail to consider Plaintiff's statements regarding the nature of and his inability to perform his past relevant work, but also, the ALJ failed to develop and evaluate with particularity the physical and mental demands of the work. A decision finding that a claimant can return to past relevant work must be based on more than conclusory statements, and ultimately, in light of the ALJ's failure to make sufficiently specific findings, the court has no choice but to conclude that substantial evidence does not support the ALJ's determination that Plaintiff could return to past relevant work. *See generally DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without adequate explanation of that decision by the administrator. In the present case, the ALJ's failure to make requisite findings or to articulate the bases for his conclusions makes our task impossible.").

### 2.     **Plaintiff's Residual Functional Capacity**

In disability determinations made at steps four and five of the sequential evaluation, the adjudicator must assess the claimant's RFC. "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such

as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." S.S.R. 96-8p. Additionally:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

*See* SSR 96-8p.

In the present case, with regard to Plaintiff's RFC, the ALJ simply states that Plaintiff "has retained the functional capacity to perform work related activities at the light exertional level, except for work requiring walking for more than two hours in a day or standing for more than two hours a day in a normal eight hour workday." (Tr. at 19.) However, as Plaintiff points out, nowhere does the ALJ provide any basis for or explanation of how he arrived at this conclusion. Moreover, as Plaintiff also points out, the Magistrate Judge does not adequately address the ALJ's failure to properly discuss and develop Plaintiff's RFC.

In his decision, the ALJ states that he gives "considerable weight" to the opinions of the two state agency medical consultants. However, these consultants determined that Plaintiff retained the capacity to perform work-related activities at the medium exertional level, and nowhere does the ALJ explain why he found the Plaintiff able to perform only sedentary work with a light lifting restriction. Also, perhaps the ALJ intended to adopt Dr. Gaines' opinion, but the ALJ's decision does not actually indicate how much weight, if any, the ALJ intends to give to Dr. Gaines' opinion. Ultimately, even though the ALJ may not have accepted particular opinions and/or Plaintiff's testimony regarding his limitations, a proper assessment of a claimant's residual functional capacity

9

requires more than a conclusory statement. Here, because the ALJ failed to articulate with particularity the bases for his conclusions, the court is unable to perform a meaningful review and must conclude that ALJ's decision is not supported by substantial evidence. On remand, therefore, the Commissioner is instructed not only to comply with S.S.R. 82-62 and make specific findings regarding Plaintiff's past relevant work (including a careful appraisal of Plaintiff's statements regarding his past relevant work and his inability to perform such work), but also to comply with S.S.R. 96-8p and perform a proper analysis of Plaintiff's residual functional capacity (including an explanation for the bases of his conclusions and a function-by-function analysis).

### 3.     Plaintiff's Credibility

Plaintiff's final objection deals with the Magistrate Judge's opinion of the ALJ's credibility assessment. Specifically, Plaintiff asserts that the ALJ failed to perform a proper credibility analysis.

Social Security Ruling 96-7p emphasizes the importance of "explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision." SSR 96-7p, 1996 WL 374186 at *1. The Ruling states:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186 at *2; *see also Hammond v. Heckler,* 765 F.2d 424, 426 (4th Cir. 1985) (stating that credibility determinations "should refer specifically to the evidence informing the ALJ's conclusion"); *Hatcher v. Secretary,* 898 F.2d 21, 23 (4th Cir. 1989) (quoting *Hammond*).

Here, in making the credibility determination, the ALJ simply states: "The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision." (Tr. at 19, Finding 5.) However, in the body of the decision, the ALJ does not provide any specific reason(s) for finding Plaintiff's allegations not totally credible. Therefore, the court concludes that the ALJ's determination is not sufficiently specific. Accordingly, the court cannot determine whether substantial evidence supports the ALJ's credibility determination, and thus, the court must remand the case for the ALJ to make a sufficiently specific credibility determination.

## CONCLUSION

After a careful examination of the record as a whole, the court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence due to significant deficiencies in the ALJ's cursory five-page long report. It is, therefore, **ORDERED**, for the foregoing reasons, that the Commissioner's denial of benefits is **REVERSED**, and the matter is **REMANDED** for the Commissioner to take appropriate action regarding an award of benefits to Plaintiff Adams.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 21, 2006**

11