IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| KENNETH ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 0:04-22869-PMD |
| v. ) | |
| ) | |
| JO ANNE BARNHART, ) | **ORDER** |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court upon Plaintiff's motion for attorney's fees and costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Specifically, Plaintiff's counsel requests $5,282.92 in attorney's fees and $162.00 in costs. Defendant opposes Plaintiff's motion and asserts that the government's position was substantially justified. For the reasons set forth herein, the court grants Plaintiff's motion.

**BACKGROUND**

Plaintiff Kenneth Adams ("Adams") filed an application for Disability Insurance Benefits ("DIB") on September 17, 2002, alleging disability beginning January 1, 2000, due to heart problems, high blood pressure, diabetes, mellitus, upper extremity problems, and knee problems. Plaintiff's application was denied initially on December 10, 2002, and upon reconsideration on March 3, 2002. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 12, 2003. The ALJ denied Plaintiff's claim in a decision issued March 2, 2004. Thereafter, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner.

Subsequently, on November 1, 2004, Plaintiff filed an action in this court, asserting that the

ALJ's decision was not supported by substantial evidence. A United States Magistrate Judge filed a report and recommendation ("R&R"), in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), recommending that the Commissioner's final decision denying Plaintiff's benefits be affirmed. In an Order filed March 22, 2006, however, this court declined to adopt the Magistrate Judge's R&R; instead, the court reversed the Commissioner's denial of benefits under sentence four of 42 U.S.C. § 405(g) and remanded the matter to the Commissioner for reconsideration. The court found the following three deficiencies in the ALJ's cursory five-page report: (1) that the ALJ failed to make sufficiently specific findings regarding the nature of Plaintiff's past relevant work and Plaintiff's ability to perform such work; (2) that the ALJ failed to perform a proper evaluation of Plaintiff's residual functional capacity ("RFC"); and (3) that the ALJ failed to perform a proper credibility analysis. Due to these deficiencies, the court was unable to conclude that substantial evidence supported the ALJ's decision to deny benefits. Accordingly, the court reversed the Commissioner's decision and remanded the matter for reconsideration. Thereafter, on May 25, 2006, Plaintiff filed the present motion for EAJA attorney's fees and costs.

## STANDARD OF REVIEW

Pursuant to EAJA, a party who prevails in litigation against the United States is entitled to an award of attorney's fees and costs upon timely petition, so long as the government's position was not "substantially justified" and no special circumstances make such an award unjust. *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir. 1991). This case turns on the question of whether the government's position was "substantially justified."

The government bears the burden of proving that its position was substantially justified, and to meet its burden, the government must establish that its case has a reasonable basis in both law and

in fact. "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." *Thompson v Sullivan*, 980 F2d 280, 281 (4th Cir. 1992). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). However, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at n. 2.

The government's burden of showing substantial justification is a strong one, and it is not met merely because the government produces "some evidence" in support of its position. *Petrella v. Sec. of Health & Human Servs.*, 654 F.Supp. 174, 177 (M.D. Pa. 1987) (citing *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985.)). In evaluating the government's position, the court must do so in light of the standards in existence when the decision was rendered. *Id.* Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified. *Randolph v. Sullivan*, 738 F.Supp. 305, 306 (C.D.Ill. 1990). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous. *Sierra Club v. Sec. of Army*, 820 F.2d 513, 518 (1st Cir. 1987) (internal citations and quotations omitted).

## **ANALYSIS**

In the present case, the court finds that the government's position was not substantially justified. As the court noted in its March 22, 2006 Order, the ALJ's report failed to contain certain

analyses as required by law. Specifically, the report contained the following three deficiencies: (1) the report failed to include sufficiently specific findings regarding Plaintiff's past relevant work and Plaintiff's ability to perform such work; (2) the report failed to properly evaluate Plaintiff's RFC; and (3) the report failed to include a proper credibility analysis.

First, with regard to the ALJ's treatment of Plaintiff's past relevant work, Social Security Ruling 82-62 provides that a "[d]etermination of the claimant's ability to do [past relevant work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements." S.S.R. 82-62. Social Security Ruling 82-62 also provides that when the Commissioner determines that a claimant can return to past relevant work, as the ALJ did in the present case, the rationale for that decision "must be written so that a clear picture of the case can be obtained" and "must follow an orderly pattern and show clearly how specific evidence leads to a conclusion." S.S.R. 82-62. Here, because the ALJ did not consider Plaintiff's statements regarding his past relevant work and because the ALJ failed to properly develop and explain his decision that Plaintiff could return to his past relevant work, the court found that the ALJ did not fully comply with Social Security Ruling 82-62.

Next, with respect to Plaintiff's RFC, Social Security Ruling 96-8p requires that an adjudicator discuss the maximum amount of each work-related activity an individual can perform *based on the available evidence*. Here, the ALJ simply stated that Plaintiff retained the RFC to perform work-related activities at the light exertional level. However, nowhere did the ALJ set forth any basis for his decision or explain how he arrived at this decision. Although the ALJ stated that he gave "considerable weight" to the opinions of two state agency medical consultants, those consultants actually determined that Plaintiff was able to work at the medium exertional level, so

4

it is unclear how the ALJ determined that Plaintiff retained only the ability to work at the light exertional level.  Additionally, the ALJ did not indicate how much weight, if any, he gave to Dr. Gaines's opinion.  Because a proper assessment of a claimant's RFC requires more than a conclusory statement, it is clear that the ALJ failed to properly evaluate Plaintiff's RFC.

Finally, with regard to the ALJ's credibility determination, Social Security Ruling 96-7p states that "[i]t is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" S.S.R. 96-7p.  Rather, "[t]he determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." S.S.R. 96-7p.  Here, the ALJ simply stated in his report that "the claimant's allegations are not totally credible for the reasons set forth in the body of the decision."  However, in the body of the decision, the ALJ never set forth any specific reasons for finding Plaintiff's allegations not totally credible.  Because the ALJ in this case did not set forth any specific reasons for his finding on credibility, the court found that the ALJ did not perform a sufficient credibility determination, as required by Social Security Ruling 96-7p.

Ultimately, as explained above, the ALJ's report failed to contain certain analyses as required by law.  Because a substantially justified position must have a reasonable basis in both law *and* fact, the court simply cannot find the government's position substantially justified in light of the government's blatant and undeniable failure to comply with certain applicable Social Security Rulings and Regulations.

With regard to the actual calculation of Plaintiff's fee award, Plaintiff's counsel has

requested fees at the statutory rate of $125 an hour, plus a cost of living increase consistent with the South Urban Regional Consumer Price Index, for an adjusted rate of $155.38 an hour.[1] Plaintiff's counsel has itemized 34 hours expended on this case; 34 hours at $155.38 an hour equals $5,282.92. In addition to requesting attorney's fees, Plaintiff's counsel also request costs of $162.00, as evidenced by an attached statement of costs. Defendant does not contest the reasonableness or validity of Plaintiff's calculations, and upon examination, the court finds Plaintiff's request for $5,282.92 in attorney's fees and $162.00 in costs to be reasonable, properly calculated, and within the purview of EAJA. Accordingly, the court grants Plaintiff's motion.

---

[1] Under EAJA, "attorney fees may not exceed $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Fourth Circuit has held that a general cost of living index, such as the United States Department of Labor's Consumer Price Index for all the urban consumers "all items" index ("CPI-U index"), is the appropriate measure by which to calculate a cost of living enhancement to a statutory fee. *Sullivan v. Sullivan*, 958 F.2d 574 (4th Cir. 1992); *see also* http://www.bls.gov.cpi.

Plaintiff's counsel asserts that he rendered services in this case between October of 2004 and May of 2006, and that the temporal midpoint between these dates is August of 2005, when the CPI-U (South Urban area) was 189.4. Plaintiff calculated the adjusted hourly rate of $155.38 by dividing the average CPI-U for August of 2005 (198.4) by the average CPI-U for March of 1996 (152.4), the month that EAJA was re-enacted. Plaintiff then multiplied the result (124.3%) by the base hourly rate of $125.00 to obtain the hourly rate of $155.38. The court has done the math and agrees with Plaintiff's calculation.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's counsel is awarded attorney's fees in the amount of $5,282.92, as well as costs in the amount of $162.00.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 25, 2006**

7